UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
Dallas Division

_____

| | |
|---|---|
| **TRICIA ANN RATRA**, § | |
| § | Civil Action No. 3:12-cv-1854 |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **DEAN FOODS COMPANY** § | |
| **d/b/a MORNINGSTAR FOODS, INC.** § | |
| § | |
| **and** § | |
| § | |
| **SAPUTO, INC. f/k/a and d/b/a** § | |
| **MORNINGSTAR FOODS, LLC** § | |
| § | **JURY TRIAL DEMANDED** |
| Defendants § | |

_____

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to rectify unlawful employment practices on the basis of sex and to provide relief to Plaintiff Tricia Ratra, and under 29 U.S.C. §2617 of the Family Medical Leave Act ("FMLA"). Tricia Ratra alleges that Defendant Dean Foods Company d/b/a Morningstar Foods, Inc. (hereafter "Defendant") violated Title VII by discriminating against her based on her sex and because of her pregnancy, and violated the FMLA by interfering with her requested leave.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337 and 1343. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C. §2000e-5(f) (1) and (3); Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A; and, 29 U.S.C. §2617(a)(2).

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas.

## PARTIES

3. Plaintiff, Tricia Ratra, is an individual residing in Texas and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3), and 29 U.S.C. §2617(a)(2)(A).

4. Defendant Dean Foods Company d/b/a Morningstar Foods, Inc. is a for-profit corporation incorporated under the laws of Delaware and has its principal place of business, as designated at the Texas Secretary of State, at 2515 McKinney Avenue, Suite 1200, Dallas, Texas 75201. Dean Foods Company was originally identified as the Defendant in this lawsuit as the information available to Plaintiff and Plaintiff's belief was that she worked for Dean Foods doing business as Morningstar Foods. Paychecks received by Plaintiff were identified as Morningstar Foods, Inc. Process may be served on this defendant by serving its registered agent, CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, Texas 75201. Morningstar Foods, LLC is an assumed name of Defendant Saputo, Inc., which entity is a for-profit corporation incorporated under the laws of Delaware. Morningstar Foods, LLC has made an appearance in this lawsuit through filing Defendant's Original Answer and Defenses on August 14, 2012 stating that it was the correct Defendant.

5. At all relevant times, Defendants have continuously been and are doing business in the state of Texas and in the Northern District of Texas and have continuously had at least fifteen employees. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e (b), (g) and (h).

## STATEMENT OF CLAIMS

**Conditions Precedent**

6. More than thirty days prior to the institution of this lawsuit, Tricia Ratra, as a member of a protected class, female, filed charges with the Equal Employment Opportunity Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant. Tricia Ratra received notice of right to sue from the Equal Employment Opportunity Commission less than ninety (90) days before bringing this cause of action for the discriminatory conduct. All conditions precedent to the institution of this lawsuit have been fulfilled.

**Plaintiff's Allegations of Fact**

7. Tricia Ratra worked at Dean Foods as an executive assistant for the Vice Presidents of i) Away from Home Sales, ii) National Accounts, iii) Foodservice Distributions and iv) Sales Operations, each of whom was her boss: Jay Price, James "Midd" McManus, Michael Wallace and El Khattary, respectively.

8. Tricia Ratra began to work for Dean Foods on June 8, 2009 and continued to work in the same position through August 2, 2011 when she was informed by Jay Price that her employment was being terminated.

9. The reason given to Tricia Ratra for termination of her employment was that she allegedly falsified her timesheets by placing Michael Wallace's digital signature on her

timesheets. Jay Price told Tricia Ratra that "the company has terminated a number of people for exactly this offense." The reason given to Tricia Ratra is a fabrication.

10. Tricia Ratra explained to Jay Price that Michael Wallace told her to place his digital signature on the timesheets. In fact, each and every one of Tricia Ratra's timesheets for the two year period from July 25, 2009 through her last completed timesheet on July 23, 2011 contained Michael Wallace's digital signature. After submitting timesheets to Mr. Wallace for pay periods ending June 13, 2009, and June 27, 2009, Mr. Wallace instructed Tricia Ratra to place his digital signature on all subsequent timesheets. Tricia Ratra did as instructed, and each and every subsequent timesheet over the next two years contained Mr. Wallace's digital signature. Tricia Ratra was trained to place the digital signature by another executive assistant who still works at Dean Foods.

11. The alleged falsification of timesheets is an apparent ruse, as the first time Tricia Ratra was given notice of the alleged offense was on the very first business day after providing a request for leave under the FMLA. No opportunities for correction were provided to Tricia Ratra.

12. On Monday, August 1, 2011, Jay Price met with Tricia Ratra and abruptly accused her of timesheet fraud. Jay Price told Tricia Ratra that he believed she was not being honest on her timesheets, and demanded that she admit falsifying timesheets, which Tricia Ratra refused as it was untrue.

13. Jay Price became belligerent and stated "Don't make us prove that you didn't work the 40 hours" which she had reported on her timesheets while working from home as Tricia Ratra had been granted permission to work from home before and during her pregnancy. Next, Jay Price acknowledged the likelihood of undue stress on Tricia Ratra, stating in their meeting: "I'm sure this will make you emotional." Actually, Tricia Ratra was

stunned that Jay Price was treating her this way and accusing her of dishonesty in her very first encounter with her boss after giving notice of the FMLA leave.

14. Tricia Ratra, having a Bachelor's Degree from the University of Texas at Dallas, had hoped to progress at Dean Foods and work her way up from the position as Executive Assistant to an Analyst which would have paid a salary of $85,000 - $120,000.

15. Tricia Ratra was a likely candidate for the position as Analyst, which she learned about in October 2010. Tricia Ratra emailed El Khattary about her interest in interviewing and being considered for the open positions on October 22, 2010, which email was forwarded to Jay Price who recommended that Tricia Ratra be considered for one of the positions and given the opportunity to interview. Interviews for the Analyst positions were to begin in late February and early March of 2011. After a doctor visit on February 16, 2011, Tricia Ratra shared her good news about her pregnancy to Jay Price and Michelle Jones in Human Resources on February 18, 2011. When the interviews for the Analyst position began in early March 2011, she was not invited to interview.

16. Jay Price's demeanor toward Tricia Ratra changed after she first mentioned in an email sent on June 21, 2011 that she likely would not be able to work through the anticipated due date of the birth of her baby. Jay Price treated her differently than previously, demanding that she be in the office and not work from home, and insisting that Tricia Ratra produce notes from the doctor's office to confirm Tricia Ratra's time away from work.

17. Also, the manner in which Jay Price talked to Tricia Ratra changed, described by Tricia Ratra as Jay Price closing his eyes and shaking his head, while lifting his hands in the air as if to express his displeasure about her being out of the office for pregnancy related issues, yet at the same time Jay Price continued to commend Tricia Ratra for her excellent

work, stating he had absolutely no complaints about her work performance, and in fact, she was doing an excellent job.

## COUNT I — PREGNANCY DISCRIMINATION

18. The Defendant engaged in unlawful employment practices at Tricia Ratra's place of employment in Dallas, Texas, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1), by discharging Tricia Ratra and otherwise discriminating against Tricia Ratra with respect to her terms, conditions, or privileges of employment on the basis of her sex, in particular, because of or on the basis of her pregnancy and related medical conditions; and, in violation of Texas Labor Code §21.051.

19. The result of the unlawful employment practices has been to deprive Tricia Ratra of equal employment opportunities because of her sex.

20. The unlawful employment practices were intentional.

21. The unlawful employment practices were done with malice or with reckless indifference to the federally protected rights of Tricia Ratra.

22. The conduct of the Defendant caused Tricia Ratra damages, including: Lost earnings and employee benefits; and, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses, for all of which she should be compensated.

23. Tricia Ratra is further entitled to and seeks to recover exemplary and punitive damages, prejudgment interest, and costs of court, including a reasonable attorney's fee for representation of her in enforcing her civil rights.

## COUNT 2 — FMLA INTERFERENCE

24. The Defendant engaged in unlawful conduct at Tricia Ratra's place of employment in Dallas, Texas, in violation of 29 U.S.C. §2617 by interfering with her attempt to exercise her rights to leave under the FMLA, and by discharging her.

25. On July 29, 2011, Tricia Ratra was working as an employee for the Defendant, and eligible for and entitled to leave under the FMLA; on that date, Tricia Ratra provided notice of her intention to take leave to her employer.

26. On August 2, 2011, Tricia Ratra was discharged and the result of which was she was denied a benefit to which she was entitled under the FMLA.

27. The conduct of the Defendant caused Tricia Ratra damages, including: past and future lost earnings and employee benefits, alternatively, for her actual monetary losses sustained as a direct result of the violation; and, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses all of which she should be compensated.

28. Tricia Ratra is further entitled to and seeks to recover exemplary and punitive damages, prejudgment interest, costs of court, and a reasonable attorney's fee for representation of her in enforcing her rights under the FMLA.

29. Further, Tricia Ratra requests an award of liquidated damages equal to her actual damages plus interest, pursuant to 29 U.S.C. § 2617(a)(1).

## COUNT 3 — FMLA RETALIATION

30. The Defendant engaged in unlawful conduct at Tricia Ratra's place of employment in Dallas, Texas, in violation of 29 U.S.C. §2617 by discharging her after Tricia Ratra exercised her rights to leave under the FMLA.

31. On July 29, 2011, Tricia Ratra was working as an employee for the Defendant, and eligible for and entitled to leave under the FMLA; on that date, Tricia Ratra provided notice of her intention to take leave to her employer.

32. On August 2, 2011, the Defendant denied Tricia Ratra's rights to which she was entitled under the FMLA by firing her and preventing the use of FMLA leave.

33. The conduct of the Defendant caused Tricia Ratra damages, including: past and future lost earnings and employee benefits, alternatively, for her actual monetary losses sustained as a direct result of the violation; and, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-economic losses all of which she should be compensated.

34. Tricia Ratra is further entitled to and seeks to recover exemplary and punitive damages, prejudgment interest, costs of court, and a reasonable attorney's fee for representation of her in enforcing her rights under the FMLA.

35. Further, Tricia Ratra requests an award of liquidated damages equal to her actual damages plus interest, pursuant to 29 U.S.C. § 2617(a)(1).

## JURY REQUEST

36. Tricia Ratra requests a trial by jury on her claims against Defendant.

## PRAYER

37. Tricia Ratra prays that Defendant, Dean Foods Company d/b/a Morningstar Foods, Inc., be cited to appear and answer and that after a jury trial, she have judgment for her damages proximately caused by Defendant's illegal and discriminatory conduct, her costs of this action, including reasonable attorney's fees, and pre-judgment and post-judgment interest and for such other relief to which Plaintiff may show herself to be justly entitled.

38. Tricia Ratra requests that the court enter the following orders:

a. That Defendant make Tricia Ratra whole by providing appropriate pecuniary damages, including past and future lost earnings and employee benefits, actual monetary losses, out-of-pocket expenses, and other affirmative relief necessary to eradicate the effects of the Defendant's unlawful employment practices.

b. That Defendant make Tricia Ratra whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices, including but not limited to, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life, in amounts to be determined at trial.

c. That Tricia Ratra recover from Defendant exemplary and punitive damages, prejudgment interest, costs of court, and a reasonable attorney's fee for representation of her in enforcing her civil rights and her rights under the FMLA.

d. That Tricia Ratra recover an award of liquidated damages equal to her actual damages plus interest, pursuant to 29 U.S.C. § 2617(a)(1).

e. That Defendant pay Tricia Ratra punitive damages for its malicious conduct or reckless indifference in amounts to be determined at trial.

f. Granting such further relief as the Court deems necessary and proper.

Respectfully submitted,

*s/ Phillip R. Doepfner*

_____

Phillip R. Doepfner
Texas Bar No. 05944100
phil@w-dlaw.com

**WALKER & DOEPFNER, P.C.**
5400 LBJ Freeway
One Lincoln Centre, Suite 600
Dallas, Texas 75240
Phone: 214-987-9500
Fax: 214-987-9505

*s/ Matthew R. Scott*

_____

Matthew R. Scott
Texas Bar No. 00794613
mscott@kendalllawgroup.com

**KENDALL LAW GROUP, LLP**
3232 McKinney Avenue, Suite 700
Dallas, Texas 75204
Phone: 214-744-3000
Fax: 214-744-3015
ATTORNEYS FOR PLAINTIFF,
TRICIA ANN RATRA